UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SUSAN E. ALDRICH, in her individual capacity

    Plaintiff,

v

INNISFREE HOTELS, INC., a Florida Corporation.

    Defendant.

CASE NO. __-_____

HON.

---

Anders J. Gillis (P77818)
PARKER HARVEY PLC
Attorneys for Plaintiff
901 S. Garfield Avenue, Suite 200
Traverse City, MI  49686
231-929-4878
agillis@parkerharvey.com

---

## COMPLAINT

NOW COMES Plaintiff, Susan E. Aldrich, in her individual capacity only, by and through her attorneys, Parker Harvey PLC, and for her Complaint against Innisfree Hotels, Inc., (hereinafter "Innisfree") (hereinafter referred to as the "Employer" or the "Defendant"), states as follows:

### JURISDICTION

1. Plaintiff brings this action against the Defendant pursuant to the Fair Labor Standards Act ("FLSA") and Family Medical Leave Act ("FMLA").

2. Plaintiff is a citizen of the United States and the State of Michigan who resides in Grand Traverse County.

3. Defendant Innisfree is a Florida corporation with its principal office location at 113 Baybridge Park, Gulf Breeze, Florida 3256.

4. During the pertinent times, Defendant conducted business in Grand Traverse County Michigan.

5. Plaintiff is an eligible employee as defined by the FMLA.

6. Plaintiff is an employee as defined under the FLSA.

7. Defendant is an employer as defined by the FMLA.

8. Defendant is an employer as defined under the FLSA.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## PARTIES

10. Plaintiff is an individual and a resident of the State of Michigan.

11. Plaintiff resides in Grand Traverse County, Michigan.

12. Plaintiff worked as an employee for the Defendant from on or about October 21, 2017 until December 26, 2018.

13. During her employment for the Defendant, Plaintiff was an "employee" of the Defendant as defined by 29 U.S.C. § 203(e).

14. During times relevant to this Complaint, Defendant Innisfree:

    a. Has operated as a Florida corporation;

    b. Has had its principal office location in Santa Rosa County, Florida;

    c. Has employed Plaintiff; and

    d. Has been Plaintiff's "employer," as that term is defined under 29 U.S.C. § 203(d).

15. The FLSA defines the term "employer" to include those persons or enterprises that act "indirectly in the interests of an employer[.]" 29 U.S.C. § 203.

16. At times relevant to this action, Defendant has had more than two employees and was engaged in commerce or in the production of goods for commerce and/or the business activities of the Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA with revenues exceeding $500,000.00.

17. Plaintiff has given written consent to bring this action to collect unpaid overtime under the FLSA. **See Exhibit A.**

## GENERAL ALLEGATIONS

18. Plaintiff brings this action against Defendant for unpaid overtime pursuant to FLSA and FMLA retaliation.

19. As detailed *infra*, from approximately October 21, 2017 to December 26, 2018, Defendant incorrectly treated Plaintiff as an exempt employee.

20. Plaintiff, however, was a non-exempt employee entitled to overtime.

21. Plaintiff's non-exempt status is evidenced by:

    a. The written job description agreed, signed, and dated by Plaintiff and her employer, which unequivocally states that Plaintiff's FLSA status is nonexempt;

    b. The primary duties conducted by the Plaintiff, including answering phone calls, making reservations, and providing directions to customers; and

    c. The pay records provided to the Plaintiff.

22. Plaintiff regularly worked more than 40 hours in a workweek without receiving additional compensation for overtime.

23. Under 29 U.S.C. § 207 "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess

3

of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

24. Defendant's non-compliance with FLSA's overtime requirements was willful, as evidenced by the unequivocal agreement between Plaintiff and her employer that she was a nonexempt employee.

25. Plaintiff worked more than 40 hours during work weeks, was not paid overtime, and was therefore damaged by the Defendant's actions and non-compliance with the FLSA.

26. In late November or early December of 2018, Plaintiff requested, and received, time off to care for her mother, who was experiencing a serious health condition.

27. In late December of 2018, Defendant terminated Plaintiff.

28. During the termination meeting, one of the individuals conducting the termination meeting on behalf of the Defendant informed the Plaintiff that she was "canned" and that she could now "go home and take care of her mother."

**COUNT I**
**FLSA OVERTIME VIOLATIONS**
**29 U.S.C. § 207**

29. Plaintiff incorporates and realleges all preceding paragraphs as though fully set forth herein.

30. Plaintiff, in her individual capacity only, brings this FLSA claim pursuant to 29 U.S.C. § 207(a) against Defendant.

31. Plaintiff was "Non-Exempt" employee during her employment with the Defendant. **See Exhibit A.**

32. Defendant's willful failure to provide overtime compensation for all applicable time damaged Plaintiff.

4

33. Such violation is, then, willful under the FLSA and has damaged the Plaintiff. 29 U.S.C. § 216(b).

34. By reason of Defendant's failure to pay Plaintiff for overtime as required by the FLSA, Plaintiff is entitled to recover all amounts owing under the FLSA, including all unpaid wages and liquidated damages in an amount equal to the unpaid overtime compensation, as well as such legal and equitable relief as may be appropriate, as provided in 29 U.S.C. § 215(a), 216(b) and 217, along with reasonable attorneys' fees and costs of this action, as provided in 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

A. A judgment in the amount of unpaid overtime wages, including any applicable interest, if any, for all time the Plaintiff worked overtime;

B. Liquidated damages in the amount equal to unpaid wages, per 29 U.S.C. § 216(b);

C. Reasonable attorneys' fees and costs of this action, as provided per 29 U.S.C. § 216(b); and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT OF 1993

35. Plaintiff incorporates and realleges all preceding paragraphs as though fully set forth herein.

36. Defendant violated Plaintiff's rights under the FMLA, 29 USC 2601 et. seq. by terminating Plaintiff for requesting, or taking, FMLA leave.

37. As a direct and proximate cause of requesting FMLA leave, or what should have been understood by the Employer as a request for FMLA leave, Defendant selected Plaintiff for termination.

38. As a result, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

WHEREFORE, Plaintiff respectfully requests a judgment against Defendant as follows:

A. Compensatory damages in whatever amount she is found to be entitled;

B. Liquidated damages in whatever amount she is found to be entitled;

C. An award of interests, costs, and reasonable attorney fees and expert witness fees; and

D. Such other and further relief as this Court deems appropriate and just.


Dated: May 2, 2019

/s/ *Anders J. Gillis*
Anders J. Gillis (P77818)
PARKER HARVEY PLC
Attorneys for Plaintiff
901 S. Garfield Avenue, Suite 200
Traverse City, MI 49686
231-929-4878
agillis@parkerharvey.com